BANGOR TOWNSHIP *v.* HARTFORD TOWNSHIP.

1. MUNICIPAL CORPORATIONS—TOWNSHIPS—MAINTENANCE OF LINE HIGHWAY—CONTRACT BETWEEN TOWNSHIPS.

In an action by a township against an adjoining township to recover one-half of the cost of putting a sink hole in the highway between them in safe condition, where the commissioners of the two townships had agreed to keep the sink hole in safe condition and pay the expense of same equally, Act No. 116, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 4299), has no application.

2. SAME—DEFENSES.

The claim that there was no money for such purpose is without merit, since 1 Comp. Laws 1915, § 4586, provides for raising moneys for such purpose; and that the amount spent was in excess of the amount agreed upon is no defense, since it was the duty of the commissioners either to repair the road or close it up.

Error to Van Buren; Des Voignes (L. Burget), J. Submitted April 3, 1923. (Docket No. 9.) Decided June 4, 1923.

Assumpsit by the township of Bangor against the township of Hartford for moneys expended in the repair of a highway. Judgment for plaintiff. Defendant brings error. Affirmed.

*Glenn E. Warner,* for appellant.

*Lynn J. Lewis,* for appellee.

SHARPE, J.    Plaintiff township adjoins defendant on the north in Van Buren county.    On the highway between section 34 of the former and section 3 of the latter is a low place known as the "Rawson Sink

Hole." Acting under section 12 of Act No. 31, Pub. Acts 1913 (1 Comp. Laws 1915, § 4299), the highway commissioners on May 17, 1915, entered into an agreement allotting a part of the highway to each township and providing that—

"this portion of road known as the sink hole is to be filled and kept in safe condition for public travel and the expense shall be paid equally by Hartford and Bangor townships."

A part of this piece of road seemed almost bottomless. With its approaches, it was about 80 rods in length. The expense of keeping it in repair was paid by the townships jointly until the early part of 1921. It is conceded that it was then impassable. Complaint was made to the respective commissioners by the residents of the townships who had occasion to travel on the highway. Commissioner Borst of the defendant township began repair work. He expended $97.75 and, as he claims, left it in a condition reasonably safe and fit for travel. On the attention of plaintiff's commissioner being called to the condition in which it had been left, he determined that it was not safe. He hired men and teams and expended more than $700 in making additional repairs. Plaintiff township asked payment from defendant of its share of this expenditure and, on its refusal to pay, brought this action to recover it. The trial court submitted the case to the jury, instructing them that to entitle plaintiff to recover it must satisfy them that the road as left by Commissioner Borst was not "in a reasonably safe condition and fit for public travel," and that the expenditure made by plaintiff's commissioner was reasonably necessary to make it so. The jury found for plaintiff in the sum of $317.45. Defendant reviews the judgment entered on the verdict by writ of error.

Defendant's counsel insists that plaintiff's commissioner had no power or authority to bind the defendant by the expenditure he made in making such repairs. It is his claim that, if its commissioner refused to expend one-half of a sum sufficient therefor, proceedings must then be had under the provision in the latter part of section 12, as amended by Act No. 116, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 4299), which reads as follows:

"*Provided further,* That whenever a line road or bridge shall have been laid out and established pursuant to the previous sections, and the officers refuse or neglect to construct or maintain their designated portion thereof in a manner reasonably safe and fit for public travel, then the State highway commissioner shall upon petition of seven freeholders of either township, inspect the merits of the petition, and if said State highway commissioner decides with the petitioners, he shall direct the officers of said township to which the road or bridge belongs to so construct and maintain such road or bridge, and in default thereof he shall be authorized to cause said road to be placed in condition safe and fit for public travel and pay for same out of the highway fund, and render bill for same to the proper officers of such township or townships, which bill shall be paid upon the warrant of such officers and the amount thereof returned to the State treasurer to be credited to the highway fund, and the supervisor shall include the amount, or their *pro rata* share thereof, in the next regular tax roll."

It seems clear to us that this provision does not apply to an agreement such as was here entered into for the maintenance of that part of the road in question. Under the agreement, joint action was provided for. It is the claim of defendant that there was no money in its repair fund to meet such expenditure. Section 4586, 1 Comp. Laws 1915, provides for raising moneys for such a purpose. It also claims that it was understood between the two com-

missioners that not more than $250 should be expended for the purpose of making such repair during the spring of 1921. It was the duty of these commissioners either to repair this road or close it up. The townships would have been liable for damages due to its not being in a condition reasonably safe and fit for public travel. If unable to make it so, the road could have been closed. But, so long as it was left open, the commissioner of plaintiff township must see to it that it was made safe. Defendant's commissioner, after expending the sum of $97.75, announced in effect that he would spend no more. As a protection to his own township, the duty devolved on plaintiff's commissioner to make the road safe. The jury having found that the amount he expended was reasonably necessary to accomplish this result, we think the defendant is liable to plaintiff for its proportion thereof as fixed by the agreement entered into.

We have considered the other assignments. In view of the conclusion reached as to the legal effect of the contract, we deem them without merit.

The judgment is affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.